**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fredesvino AVILA–ISCOA,
Defendant–Appellant.**

No. 89–2034
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 8, 1989.

Roland E. Dahlin, II, Federal Public Defender (STX), Thomas S. Berg, Asst. Federal Public Defender, Houston, Tex., for defendant-appellant.

Henry K. Oncken, U.S. Atty., Frances H. Stacy, Paula C. Offenhauser, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEE, DAVIS and JONES, Circuit Judges:

PER CURIAM:

In July 1988, Appellant Avila was a crew member on the tuna-fishing vessel "Daniel J" in the Gulf of Mexico. Having skipped breakfast because he did not care for the food, he worked for a half-day and, around noon, appropriated for lunch a small fish that had been personally caught by the boat-captain. When the captain denied him the fish, he refused to do further work, whereupon the captain advised him that he would not be paid for the work he had done earlier on the voyage. Later that day, while the captain was eating his supper, Avila purloined a pistol from the captain's quarters, demanded to be paid, and—being again rebuffed—shot the captain in the leg, inflicting serious injury. Indicted, Avila pleaded guilty and was sentenced to an eight year term of imprisonment, representing a substantial upward departure from the adjusted guideline sentencing level of 41–51 months.

On appeal, he complains of the departure on two grounds: that it rests on factors already considered in setting the guidelines—discharging a firearm and causing serious bodily injury, that the court failed to make necessary findings of fact, and that the court departed from the standard sentencing range without having given Avila notice of the basis for its upward departure. We AFFIRM.

 The court stated with great specificity that the basis of its upward departure was, not the factors mentioned above but rather the location of the offense on the high seas and its object, the captain of a vessel. These circumstances were specifically referred to by the court in passing sentence, and they are factors of great gravity. As we have had occasion to observe, "we are aware of no other civil calling, for example, in which obedience to the employer's orders is enforced by criminal sanctions." *Donovan v. Texaco, Inc.*, 720 F.2d 825, 828 (5th Cir.1983). There was no need for the court to make findings of fact as to these factors, as they are not in dispute, nor can it rationally be maintained that they have already been taken into account by the guidelines in setting the allowable range of punishment for the felonious assault of which Avila was found guilty.

As for the final complaint, Rule 32(a)(1) Fed.R.Crim.P. provides that the court may base sentencing decisions on matters not raised in the presentence report so long as an opportunity is afforded the defense to address the court regarding such matters, so that the accuracy of sentencing information is not defeated. *United States v. Otero*, 868 F.2d 1412, 1415 (5th Cir.1989). The record transcript of the sentencing hearing reveals that the defense was permitted to address the court fully on the location and circumstances of the shooting, and this complaint is therefore meritless.

AFFIRMED.