UNITED STATES of America,
Plaintiff–Appellee,

v.

David Edward GEORGE,
Defendant–Appellant.

No. 89–7119
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 5, 1990.

Reed Prospere (Court-appointed), Dallas, Tex., for defendant-appellant.

Robert L. Webster, Asst. U.S. Atty., Dept. of Justice, Dallas, Tex., Marvin Collins, U.S. Atty., for plaintiff-appellee.

Before POLITZ, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:

David Edward George challenges the district court's upward departure from the sentencing guidelines, based on George's absconding supervision between conviction and sentencing. We AFFIRM.

I.

In a two-count indictment, George was charged with passing, uttering, and publishing two counterfeit $20 Federal Reserve Notes, and possessing and concealing approximately 234 counterfeit $20 Federal Reserve Notes in violation of 18 U.S.C. § 472. On August 22, 1989, the jury found George guilty on both counts. The court permitted George to continue his release on bond and instructed him to report to the

probation office. On September 6, 1989, the probation officer reported that George had failed to report and that his whereabouts were unknown and petitioned the court to issue an arrest warrant for George in order to review, revoke, or modify his bond conditions. George was arrested in Idaho and returned to Texas for confinement until sentencing.

In the presentence report, the probation officer combined the two currency violations for a total offense level of 12, with a guideline imprisonment range of 15–21 months and a statutory maximum of 15 years on each count. George filed no written objections to the report. The court, in an upward departure, sentenced him to fifty months imprisonment and three years supervised release.

## II.

### A.

George argues that he received insufficient notice of the conduct to be considered for upward departure, in contravention of Fed.R.Crim.P. 32(a)(1) and 18 U.S.C. § 3553(d), because he was not notified prior to his sentencing hearing, through the presentence report or otherwise, that the court would consider an upward departure. While conceding that he and his counsel were given an opportunity to comment on the possibility of upward departure prior to sentencing, George maintains that "the facts of this case show that the Court's query at the time of sentencing was insufficient notice of the type contemplated by Rule 32(a)(1)."

■ A criminal defendant must be provided notice of any facts that may affect his sentence and a meaningful opportunity to respond. Rule 32(a)(1) provides in pertinent part:

Prior to the sentencing hearing, the court shall provide the counsel for the defendant and the attorney for the Government with notice of the probation officer's determination ... of the sentencing classifications and sentencing guideline range believed to be applicable to the case. At the sentencing hearing, the

court shall afford the counsel for the defendant and the attorney for the Government an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence.

Rule 32(a)(1) "contemplates that the court may base its sentencing decisions on matters not raised in the presentence report. If, however, the court intends to rely on any such additional factor to make an upward adjustment of the sentence, defense counsel must be given an opportunity to address the court on the issue." *United States v. Otero*, 868 F.2d 1412, 1415 (5th Cir.1989).

■ George was given an opportunity to address the issue. At the sentencing hearing, the court addressed George's counsel as follows: "I'm concerned about the defendant taking off to Boise, Idaho, and would like your comment as to why there should not be an upward departure in this case based on that." Therefore, the district court complied with Rule 32(a)(1) and put George on sufficient notice that his flight to Idaho might justify a departure from the guidelines. *See United States v. Hernandez*, 896 F.2d 642 (1st Cir.1990) (notice was sufficient, even though the presentence report had not recommended an upward departure, where the court at sentencing asked for argument on whether there should be such departure); *United States v. Avila–Iscoa*, 888 F.2d 1049, 1050 (5th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 2593, 110 L.Ed.2d 273 (1990) (the record revealed that defendant was permitted to address the court fully on the circumstances justifying departure); *United States v. Jordan*, 890 F.2d 968, 975–976 (7th Cir.1989) (court was not required to give defendant advance notice that it was considering departure from the guidelines as long as defendant was not surprised with new evidence or information).

George argues further that "the spirit, if not the letter, of Rule 32(a)(1)" was violated. However, George has not shown how he was prejudiced by this notice, how he could have been helped by additional notice

or time, or that the rule requires that additional time be given.

### B.

Next, George asserts that the court's upward departure was unreasonable. The standard of review in sentencing departure cases is somewhat less deferential than that for sentences within the guidelines:

> We will affirm sentences imposed by district judges who make factual findings that are not clearly erroneous, and who apply the guidelines to those findings.... When, however, the judge departs from the guideline range, an additional reasonableness requirement applies: the judge must offer reasons explaining why the departure is justified in terms of the policies underlying the sentencing guidelines. *See* 18 U.S.C. § 3553.

*United States v. Mejia–Orosco,* 867 F.2d 216, 221, *clarified on petition for reh'g,* 868 F.2d 807 (5th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989). In compliance with *Mejia–Orosco,* the sentencing judge articulated the following explanation for the upward departure:

> [O]n the basis of the failure to appear, the additional time, expense, and effort required by the issuance of the warrant and the tracking the defendant down and arresting him, despite the stern warning of a federal judge [who released him after trial] that he would get additional penalty [if he failed to report to the probation service], I do find that an upward adjustment should be made between [two] and three times the maximum in this case. That would be up to a possible sixty-two months.
>
> I do for these reasons depart, and I sentence the defendant to the custody of the Attorney General for a period of fifty months, which is still less than the maximum he could have received.

Nevertheless, George asserts that the court's upward departure was unreasonable.

First, George contends that his failure to abide by the conditions of release was taken into account when his offense level was increased two points for obstruction of justice. However, this contention is contrary to the record; the enhancement for obstruction of justice was imposed by the sentencing judge on other grounds.[1] He stated that there was reason to apply the two points for obstruction of justice "based on [George's] testimony during the trial and upon giving false information concerning being associated with the CIA."

■ George next argues against departure because the presentence report provided there were no additional factors warranting departure from the sentencing guidelines. We recognize the importance of presentence reports; however, the court is not confined solely to matters included in them and may base "its sentencing decisions on matters not raised in the presentence report." *Otero,* 868 F.2d at 1415; *United States v. Michael,* 894 F.2d 1457, 1462 (5th Cir.1990).

George's third reason for claiming the departure was unreasonable is his contention that there is nothing to prohibit the government from filing charges in the future for his failure to appear at the probation office, thus subjecting him to even greater punishment. At sentencing, the prosecutor verified that charges for such failure had not been filed and that there was no intention of doing so. In any event, the argument is speculative.

■ George's final argument against departure is that tripling his sentence is unreasonable given that the authorities quickly apprehended him in Idaho. Accordingly, he argues, the sentencing process was only slightly disrupted. The government responds that George's fleeing caused significant disruption; for example: it resulted in

---

**1.** The presentence report recommended a two-level increase for obstruction of justice based on George's absconding supervision; however, the district judge concluded that the increase for obstruction was appropriate for other reasons mentioned above. "Pre-sentence reports do not bind the sentencing judge; they merely provide him with information relevant to sentencing." *Hernandez,* 896 F.2d at 644 (citing *United States v. Trevino,* 556 F.2d 1265, 1270 (5th Cir.1977).

an incomplete presentence report, necessitated a petition for, and issuance of, an arrest warrant, and required George's return to Texas. Additionally, George's actions were in direct contravention to the Texas court's order. The district judge's upward departure more than comports with the gravity of George's post-trial conduct.

In any event, the sentence was in accord with guidelines policy. The policy statement on departure explains that a case may involve factors, in addition to those identified in the guidelines, that have not been given adequate consideration by the Sentencing Commission. When those factors are present, departure from the guidelines may be warranted in the discretion of the sentencing judge. U.S.S.G. § 5K2.0. George's absconding between sentencing and conviction is a factor that had not been considered by the Commission. *See generally,* U.S.S.G. Ch. 4 (Criminal History and Criminal Livelihood); Ch. 3 Pt. C (Obstruction); Ch. 3 Pt. E (Acceptance of Responsibility). Further, George's conduct is sufficiently "relevant to the offense of conviction, within the limitations set forth in § 1B1.3." U.S.S.G. § 5K2.0 (§ 1B1.3 discusses relevant conduct for determining the guideline range and includes, *inter alia,* all acts of attempting to avoid detection or responsibility for an offense).

The sentence of 50 months is well below the statutory maximum of 15 years for each of the two counts for violation of 18 U.S.C. § 472 and represents the term imposed for both counts, which were combined for guideline computation. The upward departure was not unreasonable.

### III.

For the foregoing reasons, we AFFIRM.