**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-40238
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RODNEY PIPPENS,

Defendant-Appellant.


* * * * * * * * * * * * * * * * * * * *


_____

No. 95-40239
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RAYMOND JENKINS,

Defendant-Appellant.


_____

Appeals from the United States District Court
for the Eastern District of Texas
_____
September 22, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rodney Pippens and Raymond Jenkins appeal the sentences they received following their respective pleas of guilty of possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Finding no error, we affirm.

I.

The Plano police department conducted an investigation involving the sale of crack cocaine out of a residence at 1501 Francis Lane. Between April and August 1994, undercover police officer Paul Cogwell frequented the house and purchased crack cocaine from a variety of individuals, including Pippens and Jenkins.

Pippens pleaded guilty to one count of possession of crack cocaine with intent to distribute. Originally, the probation officer preparing Pippens's presentence report ("PSR") recommended holding him responsible for the 18.93 grams of crack cocaine purchased by Cogwell during the conspiracy. The government objected to the amount, arguing that Pippens should be held accountable for the 59.25 grams of crack cocaine seized from Jenkins, Christopher Taylor, and Chester Dumas on August 25,

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

1994.  Pippens objected to the 18.93 grams, arguing that he should not be held responsible for any transactions that occurred between July 6 and August 6 and after August 16 because he was in custody during those periods.  The probation officer amended the PSR to recommend holding Pippens responsible for the original 18.93 grams plus the 59.25 grams seized on August 25, for a total of 78.18 grams.

At the sentencing hearing, Pippens objected to the quantity of crack cocaine attributed to him, specifically challenging the recommendation that he be held responsible for the 59.25 grams from the August 25 transaction.  The district court determined that, even without holding Pippens responsible for the August 25 transaction, there was sufficient evidence that more than fifty grams was sold from the house during the pendency of the conspiracy and overruled the objection.

Jenkins also pleaded guilty to one count of possession of crack cocaine with intent to distribute.  The probation officer preparing his PSR recommended holding Jenkins responsible for the same 78.18 grams of cocaine.  Jenkins objected to the quantity of crack cocaine attributed to him.  He contended that the 59.25 grams in his possession on August 25 cannot be relevant conduct because that crack cocaine was not related to the count of conviction.  The district court overruled his objections because it found that Jenkins was responsible for the sale or distribution of at least fifty grams.

II.

A.

Pippens argues that the district court improperly attributed more than fifty grams of crack cocaine to him because there is insufficient evidence to support that quantity. We uphold a district court's factual findings regarding the determination of a defendant's relevant conduct unless they are clearly erroneous. United States v. Puig-Infante, 19 F.3d 929, 942 (5th Cir.), cert. denied, 115 S. Ct. 180 (1994).

At the sentencing hearing, Cogwell testified that during the period between April and August 1994, he made 114 drug buys at the Francis Lane residence. He estimated that during this period, approximately 40 or 50 sales of crack cocaine occurred per day at the house and that one dosage of crack cocaine was 1.5 grams. Conservatively estimating only four sales of one-tenth gram per day during the conspiracy, Cogwell testified that more than fifty grams of crack cocaine were sold from the house during the conspiracy.

Pippens was an active participant in the conspiracy and even bragged that he was selling crack cocaine while he was supposed to be under house arrest. The district court properly concluded that Pippens was responsible for more than fifty grams of crack cocaine. See United States v. Sherrod, 964 F.2d 1501, 1507 (5th Cir.) (holding that district court may include estimates of quantity of drugs for sentencing purposes), cert. denied, 113 S. Ct. 832, 834 (1992) and 113 S. Ct. 1367, 1422, 1834 (1993).

4

Pippens argues that, even if there is sufficient evidence to support the finding that he was responsible for more than fifty grams of crack cocaine, he did not have adequate notice that the district court would consider Cogwell's testimony. A defendant must receive notice of any facts that may affect his sentence and a meaningful opportunity to respond. FED. R. CRIM. P. 32(a)(1); United States v. George, 911 F.2d 1028, 1029 (5th Cir. 1990). Under FED. R. CRIM. P. 32, the district court may base sentencing decisions on matters outside the PSR if the defendant is given an opportunity to address the issue. George, 911 F.2d at 1029.

Pippens received notice, in the addendum to the PSR and the revised PSR, that the government sought to hold him responsible for more than fifty grams of cocaine, and more specifically, for all of the crack cocaine sold as part of the conspiracy. He also was given an opportunity to cross-examine Cogwell. Pippens received adequate notice under rule 32. See id., 911 F.2d at 1029.

B.

Jenkins argues that the district court made insufficient findings of fact during the sentencing hearing in violation of FED. R. CRIM. P. 32(c)(3)(D). If the defendant objects to the findings of fact in the PSR, the district court must resolve the specifically-disputed issues of fact if it intends to rely upon those facts at sentencing. United States v. Smith, 13 F.3d 860, 867 (5th Cir.), cert. denied, 114 S. Ct. 2151 (1994). In

5

complying with rule 32, the court may accept the facts in the PSR even if they are in dispute. United States v. Mora, 994 F.2d 1129, 1141 (5th Cir.), cert. denied, 114 S. Ct. 417 (1993).

At sentencing, Jenkins objected to the inclusion of the crack cocaine seized during his August 25 arrest. The district court overruled the objection and adopted the findings of the PSR. These findings were sufficient to comply with rule 32. Mora, 994 F.2d at 1141.

Jenkins also argues that the district court improperly included as relevant conduct the 59.25 grams of crack cocaine he possessed when he was arrested. He contends that he pleaded guilty to a substantive count associated with the Francis Lane conspiracy and that the 59.25 grams were not related to that conspiracy.

We review for clear error the district court's finding that the August 25, 1994, incident is relevant conduct. United States v. Bryant, 991 F.2d 171, 177 (5th Cir. 1993). To determine a defendant's base offense level, the district court may consider relevant conduct that includes "quantities of drugs not specified in the count of conviction if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." Id. (internal quotations and citation omitted); see § 1B1.3, comment. (n.9). Offenses that are not part of a common scheme or plan constitute the "same course of conduct" if they are "sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode,

6

spree, or ongoing series of offenses."  Section 1B1.3, comment. (n.9(B)).

In drug cases, we have broadly defined what constitutes the "same course of conduct" or "common scheme or plan."  Id.  To qualify as a relevant conduct, there must be "sufficient similarity and temporal proximity to reasonably suggest that repeated instances of criminal behavior constitute a pattern of criminal conduct."  United States v. Bethley, 973 F.2d 396, 401 (5th Cir. 1992) (internal quotations and citation omitted), cert. denied, 113 S. Ct. 1323 (1993).

The evidence established that Jenkins was selling crack cocaine from the Francis Lane house and that during the pendency of the conspiracy he was arrested in possession of 59.25 grams of crack cocaine.  Although the 59.25 grams may not have been part of the "common scheme or plan" of the Francis Lane conspiracy, this conduct constitutes the same course of conduct as the count of conviction.  As with the count of conviction, Jenkins possessed the 59.25 grams of crack cocaine with the intent to distribute it.  See United States v. Hernandez-Palacios, 838 F.2d 1346, 1349 (5th Cir. 1988) (holding that court may infer intent to distribute from proof of possession of a large quantity of drugs).  The district court properly considered the 59.25 grams of crack cocaine in determining relevant conduct.

AFFIRMED.