**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 02-21013
c/w No. 02-21014
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD MASON DEANE,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
(H-02-CR-280-All)
--------------------

Before DAVIS, WIENER, AND EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Richard Deane appeals the sentence imposed following his guilty-plea convictions for 52 counts of conspiracy, mail fraud, wire fraud, and money laundering and for failure to appear for sentencing. Deane argues that, in violation of FED. R. CRIM. P. 32 and <u>Burns v. United States</u>, 501 U.S. 129 (1991), the district court failed to give him notice prior to granting an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upward departure on a ground that was not specified in the government's motion for upward departure.

To comply with Rule 32, a district court must give a defendant reasonable notice of its intention to depart upward on a ground not identified in either the presentence report (PSR) or a prehearing submission by the government. See Burns, 501 U.S. at 138-39; United States v. Nevels, 160 F.3d 226, 231 (5th Cir. 1998). "The purpose behind notice of upward departure is to give effect to the Rule 32 requirement that the parties be given 'an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence.'" United States v. Milton, 147 F.3d 414, 421 (5th Cir. 1998)(quoting Burns, 501 U.S. at 135). Because Deane objected to the lack of notice in the district court, review in this court is de novo. See United States v. Knight, 76 F.3d 86, 87 (5th Cir. 1996).

The record reflects that at the sentencing hearing, the court afforded Deane two opportunities to respond to the proposed upward departure for placing the proceeds of the fraudulent scheme in investments outside of the United States, thereby preventing restitution to Deane's victims. See United States v. George, 911 F.2d 1028, 1029-30 (5th Cir. 1990). First, the court offered to postpone the sentencing hearing for seven days so that Deane could produce documentation to refute the grounds for the departure, but Deane declined the offer. Second, the court suggested to Deane that a PSR could be prepared with respect to the merits of the

2

departure, but Deane's counsel informed the court that he would instruct Deane not to cooperate with any such investigation.  Deane fails to identify how additional notice prior to the sentencing hearing would have assisted him or, alternatively, how the notice provided at the sentencing hearing prevented him from adequately responding to the merits of the departure.  See George, 911 F.2d at 1029-30.  Accordingly, the judgment of the district court is AFFIRMED.