**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 95-30205**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**CHARLES LAMPTON,**

**Defendant-Appellant.**

Appeal from the United States District Court
for the Eastern District of Louisiana
(94-CR-221-ALL)

August 31, 1995

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[1]

BACKGROUND

Charles Lampton pleaded guilty to conspiracy to possess with intent to distribute cocaine. Lampton was sentenced to a term of imprisonment of 70 months to be followed by a four-year term of supervised release. Lampton did not file a direct appeal.

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Lampton filed a 28 U.S.C. § 2255 motion alleging that his conviction and sentence should be vacated on the following grounds: 1) that his guilty plea was involuntary because the district court accepted his guilty plea without requiring a written plea agreement; 2) that the district court erred in imposing an enhanced sentence without notice; 3) that the district court misapplied the guidelines by sentencing Lampton based on his alleged involvement with 3.5 to 5 kilograms of cocaine; 4) that the district court erred in accepting his guilty plea because Lampton could not be validly convicted of conspiring with a government agent; 5) that the government engaged in entrapment; 6) that his counsel was ineffective; and 7) that his plea was involuntary because he was not advised prior to entry of his plea that he was subject to a fine.

The government responded to the motion and also argued that Lampton is procedurally barred from attacking his guilty plea and sentence because he did not challenge them on direct appeal and he had failed to allege a valid ineffectiveness claim to explain such failure.

The district court denied the motion. The court reached the merits but also held that the issues were procedurally barred. The court determined that the ineffectiveness claim was "a transparent effort" directed at his now deceased attorney. Lampton appealed, and the district court granted his motion for leave to appeal in forma pauperis.

2

In his statement of issues, Lampton lists only ineffective-assistance-of-counsel claims.  However, in the summary of his arguments, he argues that his guilty plea was involuntary as a result of the trial court's failure to conduct his rearraignment in accord with Fed. R. Crim. P. 11.  Lampton argues that he did not receive notice that his sentence would be enhanced from 60 to 70 months in accord with Rule 11(c).  He argues that he was allowed to enter a guilty plea without the benefit of a written plea agreement and, therefore, that there was no evidence that the prosecutor had agreed to a 60-month sentence as part of the plea bargain.  Lampton contends the district court violated Rule 11 because, in the absence of a written plea agreement, there was no factual basis for the acceptance of his plea.

A defendant who has been convicted and has exhausted or waived his right to appeal is presumed to have been "`fairly and finally convicted'".  **United States v. Shaid**, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc) (citation omitted), cert. denied, 502 U.S. 1076 (1992).  "[A] `collateral challenge may not do service for an appeal.'"  **Id**. at 231 (quoting **United States v. Frady**, 456 U.S. 152, 168 (1982)).  Therefore, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both `cause' for his procedural default, and `actual prejudice' resulting from the error".  **Id**. at 232 (quoting **Frady**, 456 U.S. at 168).  The only exception to the cause and prejudice test is the "extraordinary case . . . in which

3

a constitutional violation has probably resulted in the conviction of one who is actually innocent". **Id**. at 232 (internal quotations and citation omitted).

The government must invoke the procedural bar in the district court. **United States v. Drobny**, 955 F.2d 990, 994-95 (5th Cir. 1992). In this case, the government did raise the issue of procedural bar in its response to Lampton's motion.

Allegations of error which are not of constitutional or jurisdictional magnitude which could have been raised on direct appeal may not be asserted on collateral review in a § 2255 motion. **United States v. Capua**, 656 F.2d 1033, 1037 (5th Cir. 1981). Such errors will be considered only if they could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. **Shaid**, 937 F.2d at 232 n.7.

Although a failure to comply with the formal requirements of Rule 11 is neither constitutional nor jurisdictional and can and should be raised on direct appeal, in some cases Rule 11 violations can have a constitutional dimension bearing on the knowing and voluntary nature of the guilty plea. In order to be cognizable on § 2255, the movant must show that the alleged Rule 11 violation resulted in a "`complete miscarriage of justice'" or in a proceeding "`inconsistent with the rudimentary demands of fair procedure'". **United States v. Timmreck**, 441 U.S. 780, 783-84 (1979) (citation omitted).

Lampton alleged in the district court that he did not raise the issues raised in his § 2255 motion on direct appeal due to his

4

counsel's illness and death. Lampton has not specifically addressed "cause" for his failure to raise the Rule 11 issues on direct appeal in his brief, but he does generally argue at the conclusion of his brief that his denial of effective assistance of counsel "meets the procedural test in **Frady** and **Carrier**".

As discussed above, **Frady** requires a showing of "cause" and "actual prejudice." 456 U.S. at 168. **Carrier** held that constitutionally ineffective assistance of counsel, in the form of failure to raise issues on appeal, can operate as cause for procedural default. **Murray v. Carrier**, 477 U.S. 478, 488-92 (1986). Thus, Lampton has asserted that his counsel's failure to file a direct appeal is "cause" sufficient to overcome the procedural bar. As discussed below, Lampton has failed to demonstrate that he requested his counsel to file an appeal. However, even assuming that Lampton established "cause," he has failed to demonstrate "actual prejudice" or that the alleged Rule 11 violations resulted in manifest injustice.

Lampton has not shown that the alleged errors resulted in a miscarriage of justice because he has failed to demonstrate that he had a plea agreement with the government or that he received an enhanced sentence. The minutes of Lampton's rearraignment proceeding reflect that a plea-bargain letter was filed with respect to codefendant Thomas Smith only. The court reviewed in detail the plea agreement entered into between Smith and the government. The district court then, without any reference to a plea agreement, asked Lampton whether he was pleading guilty

5

because of any promises made to him by anyone, and Lampton responded in the negative. Lampton again acknowledged that neither his attorney nor anyone else had told him that he would be receiving a specific sentence. Lampton assured the court that he and his counsel had discussed the sentencing guidelines applicable to his case, and Lampton recognized that any sentence estimate given to him by counsel could be incorrect. Counsel stated that he had made no representations to Lampton with respect to his sentence.

The record does not reflect that there was any plea bargaining between Lampton and the government, and Lampton and his counsel confirmed at his rearraignment that there had been no promises made to him in connection with his plea. "Solemn declarations in open court carry a strong presumption of verity." **Blackledge v. Allison**, 431 U.S. 63, 73-74 (1977). Lampton's assertions under oath reflected that there had been no plea bargaining in the case. Further, at the latter part of the rearraignment hearing, the district court advised Lampton that he could change his position and persist in a not-guilty plea. Lampton declined to do so and did not question the district court with respect to the lack of discussion concerning a plea agreement or the absence of a written plea agreement.

Nor does the record reflect that Lampton received an enhanced sentence. The transcript of the rearraignment proceeding reflects that the district court advised Lampton that his offense carried a mandatory minimum term of imprisonment of five years and a maximum

6

term of imprisonment of 40 years. Lampton also acknowledged that it was within the district court's discretion to sentence him in accord with the sentencing guidelines and that the court could impose a greater or lesser sentence. Lampton stated that he understood that the district court could impose the maximum possible sentence of 40 years. This colloquy reflects that there was no discussion of an enhanced sentence and that Lampton was advised that his possible sentence could have greatly exceeded the 70-month sentence imposed.

Further, there is no indication in the record that the government sought the imposition of an enhanced sentence. See 21 U.S.C. § 851 (a defendant cannot be sentenced to increased punishment for a drug-related offense unless the government has filed an information with the court listing the prior convictions of the defendant relied upon). As discussed above, it was not promised or indicated to Lampton prior to his guilty plea that he would receive the mandatory minimum sentence of 60 months. He received a 70-month sentence, which was the lowest sentence possible under the applicable guidelines. Because there was no basis for a determination that Lampton received an enhanced sentence, the district court's failure to advise Lampton of such fact was not error and certainly did not result in manifest injustice.

Lampton argues that his counsel was ineffective because he advised him to plead without the benefit of a written plea

agreement and did not advise him that the agreed upon sentence of 60 months had been increased to 70 months.

Because an ineffective-assistance-of-counsel claim is constitutional and cannot generally be resolved on direct appeal, a motion under § 2255 is the proper procedural vehicle for such claims. **United States v. Pierce**, 959 F.2d 1297, 1301 (5th Cir.), cert. denied, 113 S. Ct. 621 (1992). To prevail on his claim of ineffective assistance, Lampton must show 1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and 2) that the deficient performance prejudiced his defense. **Strickland v. Washington**, 466 U.S. 668, 687-94 (1984). In the context of a guilty plea, in order to show prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial". **Hill v. Lockhart**, 474 U.S. 52, 59 (1985). A failure to establish either deficient performance or prejudice defeats the claim. **Strickland**, 466 U.S. at 697.

Lampton's counsel died several months after Lampton entered the guilty plea and, thus, it was not possible for the district court to obtain his testimony or affidavit concerning his representation of Lampton. However, as discussed above, there is no indication in the record that there was any plea bargaining in the case or that Lampton had been promised that he would receive a 60-month sentence by counsel or any other party. Lampton has not produced any new evidence demonstrating the existence of such an

agreement. Therefore, Lampton has not demonstrated that his counsel was deficient in failing to require a written plea agreement or in contesting the imposition of the 70-month sentence.

Lampton argues that his counsel was ineffective because he failed to object to the PSR recommendation that he be held accountable for 3.5 to 5 kilograms of cocaine. He argues that it was not foreseeable to him that the drug transaction would involve that amount of drugs.

The PSR recommended that Lampton receive a base offense level of 30 because he participated in discussions to purchase approximately 5 kilograms of cocaine for $50,000 from the confidential informant (CI). In the case of jointly undertaken criminal activity, relevant conduct includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity . . . that occurred during the commission of the offense, [and] in preparation for that offense . . . ." See § 1B1.3(a)(1)(B). The district court is required to determine the scope of the criminal activity that the defendant agreed to undertake jointly and whether the conduct of other members in furtherance of the scheme was reasonably foreseeable to the defendant. In making this determination, "the court may consider any explicit agreement or implicit agreement fairly inferred from the conduct of the defendant and others." See § 1B1.3, comment. (n.2).

The factual resume supporting the guilty pleas of Lampton and codefendant Thomas Smith, which was signed by both defendants,

stated that Lampton and the confidential informant (CI) had several discussions about meetings planned between the coconspirators, Smith and Lampton, and the CI to discuss the anticipated buy of 10 1/2 pounds of cocaine from the CI. According to the resume, Smith and Lampton brought the CI $50,000 to buy the 10 1/2 pounds of cocaine. Even if, as alleged by Lampton, he did not personally have the funds to purchase the amount of drugs discussed, the PSR reflects that he introduced the CI to Smith, who was financially capable of completing the transaction.

The record reflects that Lampton was aware that the conspiracy involved at least five kilograms of cocaine. Because counsel had no basis to argue that the amount of drugs involved in the transaction was unforeseeable to Lampton, counsel was not deficient in failing to object to the base offense level recommendation in the PSR.

Lampton argues that counsel was ineffective because he failed to argue that Lampton could not have conspired with a government agent. Lampton argues that he negotiated with the government informant only. Lampton was charged in the indictment with conspiring with Thomas Smith to possess with intent to distribute cocaine, and Lampton acknowledged his participation in such conspiracy by signing the factual resume and by pleading guilty to the charge. Therefore, an argument by counsel that Lampton conspired with a government agent only would have been frivolous.

Lampton also argues that his counsel failed to argue that Lampton was entrapped into committing the drug transaction. He

10

argues that counsel should have raised an "entrapment" defense because the PSR revealed that the confidential informant initiated the drug transaction. In the § 2255 motion, Lampton did not allege this issue as an allegation of ineffectiveness of counsel. Rather, he contended that "outrageous" government conduct entrapped him and rendered his guilty plea involuntary.[2] The district court determined that Lampton had "failed to point to any set of facts which would support his claims of . . . entrapment and/or outrageous Government conduct". **Id**. at 54.

This Court need not address issues not considered by the district court. "[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." **Varnado v. Lynaugh**, 920 F.2d 320, 321 (5th Cir. 1991) (internal quotation marks and citation omitted). The determination of an ineffective-assistance-of-counsel claim is a mixed question of law and fact. See **United States v. Faubion**, 19 F.3d 226, 228 (5th Cir. 1994). Therefore, it is generally not subject to review when raised for the first time on habeas appeal.

However, even if the court should determine that the district court has resolved all factual issues necessary to resolve the claims by dismissing the entrapment/outrageous-conduct claim,

---

[2] Lampton has apparently abandoned his argument made in the district court that the agent engaged in "Sentencing Entrapment" by negotiating sales involving a large amount of cocaine in order to increase Lampton's sentence. See **Brinkmann v. Dallas County Deputy Sheriff Abner**, 813 F.2d 744, 748 (5th Cir. 1987) (appellate court need not consider issues abandoned on appeal).

11

Lampton has not demonstrated that the failure to address the claim on appeal will result in manifest injustice. Lampton waived the defense of entrapment by pleading guilty. See **United States v. Yater**, 756 F.2d 1058, 1063 (5th Cir.), cert. denied, 474 U.S. 901 (1985) (when a defendant enters a guilty plea, he waives his right to assert an entrapment defense).

Lampton argues that counsel was ineffective because he failed to object to an imposition of a fine against Lampton although he had not been advised that a fine could be imposed prior to his guilty plea. Lampton argued in the district court that his plea was involuntary because neither the court nor his trial counsel informed him that he would be subject to a fine. He did not argue in the district court, however, that his counsel was ineffective for his failure to object to the imposition of the fine. Therefore, this issue need not be addressed for the first time on appeal. **Varnado**, 920 F.2d at 321. In any event, it is clear on the face of the record that counsel had no basis for arguing this claim. The record of the rearraignment hearing shows that the district court advised Lampton prior to his entry of a guilty plea that, in addition to a term of imprisonment, he was subject to a fine of $2 million. The court further advised Lampton that he could be fined under an alternative statutory provision in the greater amount of $250,000 or twice his gross gain or his victim's loss.

Lampton argues that counsel was ineffective because he failed to file a timely notice of appeal on Lampton's behalf and failed to

advise him of his right to appeal and how to proceed as an indigent defendant.

The failure of counsel to perfect an appeal upon request of his client or failure to advise the client of his right to appeal and the time limits involved may constitute ineffective assistance, entitling the defendant to an out-of-time appeal. See **United States v. Gipson**, 985 F.2d 212, 215 (5th Cir. 1993). However, a defendant who fails to advise his attorney that he wished to appeal may not assert a claim that he was denied the right to file a direct appeal. See **Childs v. Collins**, 995 F.2d 67, 69 (5th Cir.), cert. denied, 114 S. Ct. 613 (1993).

Lampton has not demonstrated that he advised his counsel to file an appeal on his behalf and that counsel failed to do so. As previously stated, Lampton's counsel died prior to his filing his § 2255 motion. Lampton's allegation in his § 2255 motion that he and his counsel had discussed appealing his sentence based on the government or court's failure to notify Lampton that he was receiving an "enhanced" sentence is frivolous because Lampton did not receive an enhanced sentence or even a severe guideline sentence.

Further, the district court, at the conclusion of the sentencing hearing, advised Lampton of his right to appeal his conviction and sentence and also that the court would appoint counsel if he could not afford to retain counsel.[3] Lampton responded that he understood his rights. However, Lampton did not

---

[3] Counsel in the district court was retained.

13

contact the court about the appointment of counsel nor did he attempt to file an appeal on his own behalf. Lampton did not argue that he had requested his counsel to file an appeal until he filed his § 2255 motion six months after judgment was entered against him in his criminal case, and after his counsel's death. Lampton has not demonstrated that he instructed his counsel to file an appeal.

Lampton argues that his counsel was ineffective because he failed to conduct discovery or an investigation of the drug conspiracy. Lampton contends that if counsel had made pretrial discovery, he would have learned that a defendant cannot conspire with a CI and that the amount of drugs attributed to Lampton was not reasonably foreseeable to Lampton. Lampton argues that he can show "**Hill** prejudice" because, if he had proceeded to trial, he would have shown that a defendant cannot conspire with a government agent.

Lampton has not shown that his counsel was deficient or that he was prejudiced as a result of his counsel's failure to further investigate his case. As discussed, Lampton was convicted for conspiring with codefendant Smith and not with the CI. Further, the PSR and the factual resume reflect that Lampton was fully involved in the conspiracy and was aware that it would involve the purchase of approximately five kilograms of cocaine. Lampton has not demonstrated that his counsel was ineffective.

**AFFIRMED**

14