# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 95-11024
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGELITA REYES, a/k/a Angela Benevides;
RAQUEL CHAPA-VILLANUEVA,

Defendants-Appellants.

Appeal from the United States District Court
For the Northern District of Texas
(4:95-CR-087-6-A)

July 17, 1996

Before POLITZ, Chief Judge, GARWOOD and STEWART, Circuit Judges.

PER CURIAM:[*]

Angelita Reyes appeals her convictions by a jury of conspiracy to distribute heroin and use of a communications facility to facilitate a narcotics transaction,[1] challenging the admission of coconspirators' statements and sufficiency of the evidence. Raquel Chapa-Villanueva appeals her conviction and sentence for possession of heroin with intent to distribute, advancing several challenges.[2]

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] 21 U.S.C. §§ 843 & 846.

[2] 21 U.S.C. § 841(a)(1). She was also convicted of conspiracy and illegal use of a communications facility, 21 U.S.C. §§ 843 & 846.

Finding neither error nor abuse of discretion, we affirm the convictions and sentence appealed.

Reyes contends that the district court erred in permitting the admission into evidence of objected-to coconspirators' statements without conducting a hearing out of the presence of the jury. No such hearing was requested. Our review, therefore, is for plain error only.[3] The district court allowed the evidence with the proviso that the prosecution would "tie it all up." A hearing outside of the presence of the jury was not mandated.[4] Implicit in the trial court's denial of Reyes' motion for judgment of acquittal at the close of the government's case in chief was a finding that the court's requirement was met. There was no error.

Reyes' complaint of evidentiary insufficiency is also viewed under the plain error standard and we may reverse only to prevent a miscarriage of justice.[5] "Such a miscarriage of justice would exist only if the record is devoid of evidence pointing to guilt, or . . . because the evidence on a key element of the offense was so tenuous that a conviction would be shocking."[6] The record contains sufficient evidence of Reyes' participation in a conspiracy headed by Carmen Flores, including an intercepted telephone conversation between Flores and Reyes

---

[3]**United States v. Calverley**, 37 F.3d 160 (5th Cir. 1994) (*en banc*), cert. denied, 115 S.Ct. 1266 (1995), citing **United States v. Olano**, 507 U.S. 725 (1993).

[4]**United States v. Fragoso**, 978 F.2d 896 (5th Cir. 1992), cert. denied, 507 U.S. 1012 (1993).

[5]**United States v. Laury**, 49 F.3d 145 (5th Cir. 1995), cert. denied, 116 S.Ct. 162 (1995).

[6]**United States v. Pierre**, 958 F.2d 1304, 1310 (5th Cir.) (*en banc*) (internal quotation marks and citations omitted), cert. denied, 506 U.S. 898 (1992).

2

discussing the details and financial arrangements for a heroin transaction as well as documentary evidence of travel schedules and notes on drug amounts and costs found in her home. It cannot be said that the record is devoid of evidence of Reyes' guilt warranting a reversal.

Chapa-Villanueva contends that the trial judge erred in refusing to allow her to change her not guilty plea to guilty on the morning of trial. The court earlier had informed all defendants that guilty pleas would not be accepted on the day of trial. A defendant does not have an absolute right to have a guilty plea accepted.[7] Further, a trial judge is not required to accept every constitutionally valid guilty plea merely because a defendant submits same.[8] Chapa-Villanueva claims prejudice because of the court's refusal, at sentencing, to allow her a two-point offense computation adjustment for acceptance of responsibility. This allegation of prejudice is without merit. Our precedents firmly establish that there is no requirement of a plea of guilty in order to receive the downward adjustment for acceptance of responsibility.[9] The type plea is not dispositive of the decision to allow or disallow the adjustment.

Chapa-Villanueva's challenge to the sufficiency of the evidence fails for the same reasons as the challenge made by Reyes. The record contains adequate evidence of the appealed conviction, including several intercepted telephone

---

[7] **Santobello v. New York**, 404 U.S. 257 (1971).

[8] **North Carolina v. Alford**, 400 U.S. 25 (1970).

[9] **United States v. Crain**, 33 F.3d 480 (5th Cir. 1994), cert. denied, 115 S.Ct. 1142 (1995); **United States v. Faubion**, 19 F.3d 226 (5th Cir. 1994).

conversations arranging the transactions, testimony of a codefendant, and drug paraphernalia found in her home.

Finally, we find no clear error in the court holding Chapa-Villanueva responsible for the quantity of drugs distributed by the conspiracy[10] and in denying a downward adjustment for her claimed minor participation.[11]

AFFIRMED.

---

[10]**United States v. Mergerson**, 4 F.3d 337 (5th Cir. 1993); cert. denied, 114 S.Ct. 1310 (1994).

[11]**United States v. Edwards**, 65 F.3d 430 (5th Cir. 1995).