92 F.3d 1186
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy STATEN, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3888.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1996.
 
 1
 Before: RYAN and SUHRHEINRICH, Circuit Judges; ENSLEN, District Judge.*
 
 ORDER
 
 2
 This is an appeal from a judgment denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1993, Roy Staten pleaded guilty to one count of conspiracy to possess and distribute cocaine and marijuana, in violation of 21 U.S.C. § 846, and to one count of tax evasion, in violation of 26 U.S.C. § 7206(1). Staten received an aggregate 121 month sentence and did not take a direct appeal.
 
 
 4
 In 1995, Staten filed a § 2255 motion in which he challenged the constitutionality of the conviction on an ineffective assistance of counsel claim. The matter was assigned to a magistrate judge who conducted an evidentiary hearing and recommended that the motion should be denied. The district court ultimately adopted the recommendation and this appeal followed. The parties have briefed the issues; Staten is proceeding without counsel. In addition, Staten moves this court for the appointment of appellate counsel.
 
 
 5
 In 1991, Staten was named in 17 counts of a 35 count indictment with a possible prison exposure of life in connection with a drug distribution scheme. Staten had retained counsel, experienced criminal practitioner Mr. Martin Pinales, prior to being indicted. Mr. Pinales negotiated a plea agreement on behalf of Staten in which he pleaded guilty to two counts of the indictment and received a 121 month sentence, only thirty days more than the minimum possible 10 year term.
 
 
 6
 The matter proceeded to the plea colloquy before United States District Judge Walter Rice. The parties agree that, although Mr. Pinales had not explained the appeal process to Staten before the plea colloquy, Judge Rice gave Staten a thorough explanation of his right to a direct appeal at that time. State contemporaneously acknowledged that he understood that right.
 
 
 7
 The parties are also in agreement concerning the substance of the conversation following the acceptance of the plea that forms the basis of Staten's core claim for relief. Staten and his attorney were leaving the courtroom when Staten asked him about an appeal. Both Staten and his counsel recall the conversation to the effect that "there was nothing to appeal" as Staten had received the benefit of his bargain and that an appeal "wouldn't do any good." Staten did testify that he also thought he had bargained away his right to appeal but this testimony was discredited by the finder of fact.
 
 
 8
 The magistrate judge conducted the hearing and, as noted, found only a portion of Staten's testimony to be credible. The magistrate concluded, however, that even if the conversations took place exactly as alleged in the motion to vacate, the advice of counsel did not amount to ineffective assistance of counsel. The magistrate's report contains the recommendation that the motion should be denied. This report and recommendation was mailed to all parties and their counsel, Staten having secured representation for the hearing. The report was accompanied by a notation that any party adversely affected by the recommendation had 10 days to submit specific written objections to the district court or else further appellate review would be waived. Staten did not file objections to the adverse report and recommendation. The district court ultimately adopted the recommendation on July 11, 1995, following an extension of time in which Staten could file objections, on the express ground that Staten had not filed objections of any kind in the time permitted.
 
 
 9
 On appeal, Staten presses only the substance of his assistance of counsel claim. It is initially noted that a party must file specific objections to proposed adverse findings of fact and conclusions of law contained in a magistrate's report and recommendation in order to preserve his right to appellate review of those particular adverse findings and conclusions. Thomas v. Arn, 474 U.S. 140, 146-55 (1985). Staten did not file objections and does not now offer any justification for this failure. This rule, however, is not jurisdictional; a party's failure to file specific objections may be excused in the interest of justice. Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987). The Supreme Court has suggested that the "interest of justice" exception might apply where the district court's judgment constitutes "plain error" within the meaning of Fed.R.Crim.P. 52(b). Arn, 474 U.S. at 155 & n. 15. Thus, unless Staten's case falls within the "interest of justice" exception, he has waived appellate review of his claims.
 
 
 10
 Staten's case does not fall within the exception to the waiver rule. The attorney's role in this context is to provide information on how to appeal and the opportunity to do so; the client's role is to make the final decision whether to take or not to take the appeal. United States v. Faubion, 19 F.3d 226, 231 (5th Cir.1994). The fact that Staten's trial attorney "perceived no adequate grounds upon which to press an appeal does not translate into ineffective assistance of counsel." Id. The appeal lacks merit.
 
 
 11
 Accordingly, the motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, United States District Judge for the Western District of Michigan, sitting by designation