IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40149
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus


MANUEL DE JESUS GUERRA,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-95-CV-12(93-CR-111)
- - - - - - - - - -
June 27, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    IT IS ORDERED that Manuel De Jesus Guerra's motion to leave

to proceed in forma pauperis (IFP) is DENIED, because his appeal

from the denial of relief pursuant to 28 U.S.C. § 2255 lacks

arguable merit and is therefore frivolous.  See Howard v. King,

707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is

frivolous, IT IS FURTHER ORDERED that the appeal is DISMISSED.

_____

    [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

See 5th Cir. R. 42.2.

Guerra was convicted pursuant to his plea of guilty of possessing a large quantity of marijuana with intent to distribute it. He did not take a direct appeal, but filed a motion to vacate his sentence, 28 U.S.C. § 2255, more than one year after he had been sentenced. The district court denied the motion and Guerra's motion for leave to appeal IFP.

Guerra contends that he should receive a downward departure under the sentencing guidelines, or an offense-level adjustment for having been only a minimal participant in the offense. He also asserts that he should be resentenced on the basis of 287.4 pounds of the marijuana found in his vehicle, because that is all he had knowledge of. He concedes that his issues are not of constitutional magnitude.

"[A] challenge to a sentencing judge's technical application of the sentencing guidelines may not be raised in a [28 U.S.C.] § 2255 proceeding." United States v. Faubion, 19 F.3d 226, 233 (5th Cir. 1994). The reason is "that such questions are capable of being raised on direct appeal and, further, do not implicate any constitutional issues." Id. The issues which Guerra now seeks to raise could have been raised on direct appeal.

IFP DENIED; APPEAL DISMISSED.