# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 98-50963
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL GARFIELD DUMPSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(EP-97-CV-168-F)

July 2, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Paul Garfield Dumpson, federal prisoner # 62733-080, appeals the district court's denial of his 28 U.S.C. § 2255 motion. The district court granted a Certificate of Appealability on the issues of (1) whether the jury's inability to hear a witness amounted to a due process violation, and (2) whether Dumpson's trial counsel rendered ineffective assistance by failing to object when the jury could not hear the witness's testimony.

Dumpson argues first that the district court erred in rejecting his claim that the inability of the jury to hear a witness's testimony violated due process. We review the district court's factual findings for clear error and review the conclusions of law *de novo*. *See United States v. Faubion,* 19 F.3d 226, 228 (5th Cir. 1994). The district court judge repeatedly asked the witness to speak louder.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Even if the jury had difficulty hearing the witness at some times during the direct examination, counsel's extensive cross-examination, which occurred after the court solved the audibility problems, gave the defendant the opportunity to fully present his case. Assuming that audibility problems may sometimes constitute a violation of due process, we conclude that such a violation did not occur in this case.

Dumpson argues additionally that his trial counsel rendered ineffective assistance because counsel failed to object to the jury's inability to hear the witness's testimony. In order to establish that counsel rendered constitutionally deficient performance, a defendant must prove (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, the result would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). On the first prong, Dumpson has failed to show that his counsel's performance was not within the wide range of reasonable professional competence, or that, under the circumstances, it was not sound trial strategy. *See id.* On the second prong, the record reflects that the district court was fully aware that the jury had difficulty hearing some of the witness's answers. Thus, Dumpson has failed to show that counsel's objections would have changed the result of the proceedings. *See id.* Additionally, the overwhelming evidence of Dumpson's guilt indicates that the failure to object to the audibility problems did not render the result of the trial unreliable or the proceeding fundamentally unfair. *See Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S. Ct. 838, 844, 122 L. Ed. 2d 180 (1993).

For the foregoing reasons, we AFFIRM the district court's denial of Dumpson's § 2255 motion.