**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 98-50014**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**v.**

**DONALD RAY GONZALES,**

**Defendant-Appellant,**

---

**Appeal from the United States District Court**
**for the Western District of Texas**

**(SA-97-CA-240)**

---

July 9, 1999

Before HIGGINBOTHAM, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

On January 27, 1993, a jury found Donald Ray Gonzales guilty of possession with intent to distribute a controlled substance. See 21 U.S.C. § 841(a)(1). His conviction and 80 month sentence were affirmed by this court. See United States v. Gonzales, No. 93-8266, slip op. (5th Cir. Nov. 1, 1993). He now challenges his conviction under the guise of a petition for habeas relief pursuant to 28 U.S.C. § 2255. The district court, adopting the report and recommendation of a magistrate judge, dismissed

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gonzales's petition.  Gonzales timely appealed and requested a certificate of appealability ("COA").  We granted the COA to address only one of Gonzales's numerous arguments:  whether Gonzales's attorney rendered ineffective assistance by failing to seek a jury instruction regarding the lesser-included offense of mere possession of a controlled substance under 21 U.S.C. § 844(a).  Finding Gonzales's allegations against an attorney of the Federal Public Defender's Office lack merit, we affirm.

A claim of ineffective assistance of counsel is governed by Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).  To prevail on an ineffective assistance claim, a petitioner must show both deficient performance by counsel and prejudice to the defense as a result of the deficient performance.  See id. at 687, 104 S. Ct. at 2064.  Counsel's performance is deficient if it falls below an objective standard of reasonableness.  See id. at 688, 104 S. Ct. at 2064.  Our review of counsel's performance is highly deferential, with a strong presumption that the performance was reasonable.  See id. at 689, 104 S. Ct. at 2065.  Deficient performance is prejudicial only upon a showing that but for counsel's errors, there is a reasonable probability that the ultimate result would have been different and that confidence in the reliability of the verdict is undermined.  See United States v. Faubion, 19 F.3d 226, 228 (5th Cir. 1994).  The effectiveness of counsel is a mixed question of law and fact reviewed de novo by this court. See Moody v. Johnson, 139 F.3d 477, 483 (5th Cir.

1998).

In <u>United States v. Hunt</u>, 129 F.3d 739 (5th Cir. 1997), and <u>United States v. Lucien</u>, 61 F.3d 366 (5th Cir. 1995), we held that simple possession of a controlled substance, 21 U.S.C. § 844(a), constituted a lesser-included offense of possession of a controlled substance with intent to distribute, 21 U.S.C. § 841(a)(1). <u>See</u> <u>Hunt</u>, 129 F.3d at 744 ("The <u>government</u> asked us to remand for entry of judgment and for sentencing on the lesser included offense of simple possession if we found the evidence insufficient to support the element of intent to distribute." (emphasis added)); <u>Lucien</u>, 61 F.3d at 373-77. In fact, in the case relied upon by the government, this court also held that simple possession of a controlled substance under § 844(a) was a lesser-included offense of possession with intent to distribute a controlled substance under § 841(a)(1) -- even when the controlled substance was cocaine base. <u>See</u> <u>United States v. Deisch</u>, 20 F.3d 139, 152 (5th Cir. 1994). Indeed, the government's argument to the contrary is nigh frivolous in light of our well-established precedent.

That Gonzales may have been entitled to a jury instruction on the lesser-included offense of simple possession does not end our inquiry, however. We granted a COA in this case to resolve whether Gonzales's counsel was ineffective in failing to request an instruction on the lesser-included offense of simple possession. In order to prevail on this claim, Gonzales must show

that his attorney's performance was both objectively unreasonable and prejudicial.  See Strickland, 466 U.S. at 687-88, 104 S. Ct. at 2064.

Assuming, arguendo, that the performance of Gonzales's attorney was deficient,[2] we reject Gonzales argument that he was prejudiced by the alleged deficiency.  In order to support the prejudice prong of his ineffective assistance claim, Gonzales must establish that, but for his counsel's errors, the outcome of his trial would have been different.  See Faubion, 19 F.3d at 228. Even if his counsel provided ineffective assistance by failing to request a lesser-included offense instruction, Gonzales fails to show that he was prejudiced by this failure.

Gonzales has not shown a reasonable probability that the ultimate outcome of his trial was affected by his counsel's conduct.  See id.  This court has previously held that the evidence presented at Gonzales's trial supported his conviction for possession with intent to distribute a controlled substance.  See

---

[2]We note that a decision not to seek an instruction on a lesser-included offense may be the result of a reasonable trial strategy.  See, e.g., Neal v. Acevedo, 114 F.3d 803, 806 (8th Cir. 1997) (lesser-included offense inconsistent with alibi); Cordova v. Scully, No. 87 Civ. 0839, 1991 WL 733, at *3 (S.D.N.Y. Jan. 4, 1991) ("[C]ounsel, perhaps assured of an acquittal on the [greater offense], reasonably would not want to chance conviction on a lesser charge.").  In his closing argument Gonzales's attorney argued that the cocaine base did not belong to Gonzales.  Under the circumstances, to argue in the alternative that Gonzales possessed the drugs without the intent to distribute would have been inconsistent with Gonzales's defense.  However, because the district court did not examine the reasonableness of the decision in this case, we assume that counsel's performance fell below the Strickland reasonableness standard.

**4**

Gonzales, No. 93-8266, slip op. at 2-3.  Gonzales contends, however, that his counsel's deficient performance erodes confidence in the jury verdict because jurors faced with the opportunity might have acquitted him of possession with intent to distribute and convicted him of simple possession.[3]  The mere fact that jurors might have convicted Gonzales of simple possession does not alter the fact that they did convict him of possession with intent to distribute.  Moreover, this conviction is supported by the trial evidence.  See Gonzales, No. 93-8266, slip op. at 2-3 ("[T]he evidence of Gonzales's guilt was overwhelming.").  Absent prejudice, Gonzales cannot support an ineffective assistance claim and, thus, fails to state a cognizable basis for habeas relief.

**AFFIRMED.**

---

[3]That a jury may have acquitted of the greater charge and convicted of the lesser charge is a prerequisite to a finding that the latter is a lesser-included offense.  See Lucien, 61 F.3d at 374-77.