**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-50581

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

GREGORY C. NIEMANN,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(W-97-CA-14)

December 14, 1999

Before KING, Chief Judge, STEWART, Circuit Judge, and ROSENTHAL, District Judge.[*]

PER CURIAM:[**]

Gregory C. Niemann pleaded guilty to an indictment charging possession of firearms by a convicted felon and possession of methamphetamine with the intent to distribute. He appeals from the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Niemann claims that his trial counsel

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5th Cir. Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. Rule 47.5.4.

provided ineffective assistance by failing to recognize and raise grounds to suppress evidence seized in a search of his house under a federal search warrant. The district court held that Niemann could prove neither the reasonableness nor prejudice prong of an ineffective assistance claim. We reverse and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

On March 31, 1992, upon application by an agent of the Bureau of Alcohol, Tobacco, and Firearms ("ATF"), a federal magistrate judge issued a warrant to search Niemann's house for firearms. That night, ATF agents, assisted by Texas Department of Public Safety ("DPS") officers and Hamilton County Sheriff's Department deputies, executed the search warrant and seized eleven firearms and several rounds of ammunition. The state law enforcement officers also seized a disassembled methamphetamine laboratory, precursor chemicals for manufacturing methamphetamine, 415.93 grams of methamphetamine, and $2,500 in cash.

Niemann pleaded guilty on July 31, 1992 to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a), and to one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). At the sentencing hearing held on November 25, 1992, Niemann's attorney moved to withdraw. The trial court granted the motion and reset the hearing. Niemann retained new counsel. On February 17, 1993, the trial court sentenced Niemann to concurrent terms of 120 months of imprisonment for the

2

firearms conviction and 150 months of imprisonment for the drug conviction. On direct appeal, Niemann raised two sentencing guideline issues. This court affirmed. See <u>United States v. Niemann</u>, No. 93-8130 (5th Cir. October 1, 1993)(unpublished disposition).

On January 17, 1997, Niemann filed this section 2255 motion, alleging that his first attorney provided ineffective assistance because he did not even attempt to suppress the evidence seized from Niemann's house and advised Niemann that there was no ground on which a court would suppress the evidence. The district court denied Niemann's section 2255 motion without an evidentiary hearing and denied his request for a certificate of appealability ("COA"). This court granted Niemann a COA as to the ineffective assistance of counsel claim.

On this appeal, Niemann asserts that his first counsel provided deficient performance by failing to recognize and raise the following grounds for suppressing the evidence: (1) the search warrant for Niemann's house was executed at night in violation of Rule 41(c)(1) of the Federal Rules of Criminal Procedure; (2) the officers executing the search violated the "knock and announce" rule, 18 U.S.C. § 3109; and (3) the officers seized evidence beyond the scope of the search warrant, in violation of the Fourth Amendment to the United States Constitution. The district court ruled as a matter of law that Niemann could not prove an ineffective assistance claim based on his attorney's failure to recognize and raise these challenges to the search and seizure.

3

The district court held that Niemann had no basis on which to move to suppress the evidence seized because the federal search warrant was validly issued. Niemann argues that even if the warrant was properly issued, the defects in the manner of execution provided valid grounds for suppression, which his first attorney failed to pursue. We reverse and remand to permit the district court to consider fully the asserted grounds for suppression, in order to resolve Neimann's ineffective assistance claim.

II. THE STANDARD FOR REVIEWING INEFFECTIVE ASSISTANCE CLAIMS

On appeal from a denial of a section 2255 motion, this court reviews the district court's factual findings for clear error and its conclusions of law *de novo*. See United States v. Faubion, 19 F.3d 226, 228 (5th Cir. 1994). Ineffective assistance of counsel claims raise mixed questions of law and fact and are subject to *de novo* review. See id.

This court applies the two-part test set out in Strickland v. Washington, 466 U.S. 668 (1984), to challenges to guilty pleas based on ineffective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 58 (1985). To prevail on his ineffective assistance of counsel claim, Niemann must show that: (1) his counsel's performance, judged on the facts of the case, viewed as of the time of counsel's conduct, fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See Strickland, 466 U.S. at 687-694; Hill, 474 U.S. at 59.

4

III.  THE REASONABLENESS OF COUNSEL'S PERFORMANCE

Niemann asserts that his first counsel was deficient in failing to assert that the agents wrongfully executed the search warrant at night, violated the "knock and announce" rule, and seized evidence beyond the scope of the search warrant.  In an affidavit submitted with his section 2255 motion, Niemann described his attorney's performance as follows:

> I [] asked [my lawyer] how could the agents search my entire house and take things that were not on the search warrant, how the D.P.S. agent could break open my safe without a warrant, how I could be arrested by the state for drugs when there was a federal search warrant for guns, and how the state could return to my house two days after I was arrested with a warrant to search for and seize money, motor vehicles and personal property and take additional incriminating evidence.

Niemann stated that, in response, his attorney "said you can not beat a federal search warrant and the government would just lie about when and where they found those things and he couldn't stop them."

On July 30, 1992, according to Niemann's affidavit, his attorney told Niemann that he must plead guilty the next day or face 35 years in jail.  Niemann again asked the attorney about the execution of the search warrant and told the attorney he "wanted copies of the search warrants because [he] wanted a friend to look at them."  The attorney "told [Niemann] he did not have the search warrants and you can't beat a federal search warrant and that the warrants and search were entirely legal."  The attorney also "told

5

[Niemann] he had a deal with the prosecutor that if [Niemann] would plead guilty, they would only charge [Niemann] with the guns and drugs they found."

Niemann pleaded guilty on July 31, 1992. At a sentencing hearing on November 25, 1992, both Niemann and the attorney asked that the court allow the attorney to withdraw. The court granted the request. Niemann then retained a second attorney. The trial court held another sentencing hearing on February 17, 1993. At that hearing, the newly retained attorney asked Niemann several questions about his decision not to ask the court to allow him to withdraw his guilty plea. Niemann responded to the questions as follows:

> Q: Mr Niemann, both you and I have been through quite a bit since you retained me in this case --
> A: Yes, sir.
> Q: -- and I wanted to clarify a few things on the record, at this point. It was your decision today to come and plead guilty is that correct, sir?
> A: Yes, sir.
> Q: And you're aware of all the consequences that have taken place by your entry of this sentence, is that correct?
> A: Yes, sir.
> Q: And do you understand that you had many search and seizure questions when you first retained me in this case, is that correct?
> A: Yes, sir.
> Q: And that you understand by that not being able to withdraw your plea, at this time, and entering the sentence, has waived all of your search and seizure questions for appeal purposes, is that correct?
> A: Yes, sir.
> Q: And that was your decision, is that correct?

6

> A: Yes, sir. My decision was based on, I asked you to check on the search warrants and be sure they were valid. You told me they were both valid, even the dates after it was executed, three days after I had been in jail, you said it was still valid, so I was going on your word. Yes, sir, I think what I am doing is right.
>
> Q: Okay. And you understand that you had a right to withdraw your plea in this case – you had a right to ask the Court to withdraw your plea in this case, is that correct?
>
> A: Yes, sir.
>
> Q: And it was your decision to decide against making that motion, is that correct?
>
> A: Yes, sir.

The quoted excerpt from Niemann's sentencing, although it does not relate directly to his initial guilty plea, supports his affidavit testimony that he had questioned from the outset whether the March 31, 1992 search was legal and that he had decided to plead guilty based on assurances that there was no ground to move to suppress the evidence seized in the search of his house. Niemann argues that the legal assistance rendered fell below an objective standard of reasonableness.

The current record, although not fully developed, discloses facts that support Niemann's claims that the search and seizure violated statutory and constitutional provisions. Niemann contends that the nighttime search of his house violated Rule 41(c)(1) of the Federal Rules of Criminal Procedure. Rule 41(c)(1) provides that a federal search warrant "shall be served in the daytime, unless the issuing authority, by appropriate provision in the warrant, and for reasonable cause shown, authorizes its

7

execution at times other than daytime."  "Daytime" is defined in Rule 41(h) as "the hours between 6:00 a.m. and 10:00 p.m. according to local time."  The government admitted that the search began at 11:18 p.m.  The record reveals no finding of reasonable cause, and the warrant did not authorize a nighttime search.  To the contrary, preprinted language on the warrant that could authorize a search "at any time in the day or night" was struck through by a hand-drawn line.

Niemann also maintains that the law enforcement officers executing the search warrant violated the "knock and announce" rule, 18 U.S.C. § 3109.  Section 3109 provides:

> The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

Niemann and another person who claimed to witness the search submitted affidavits stating that officers broke down Niemann's door without first knocking or announcing their presence and without being refused admittance.

Niemann also claims that officers seized evidence beyond the scope of the federal warrant, in violation of the warrant requirement of the Fourth Amendment.  The government admitted that in the search, the officers seized evidence relating to the drug

8

count, despite the fact that the federal search warrant described only firearms.[1]

The government submitted no evidence to controvert the affidavit and other record evidence concerning the execution of the search warrant and the quality of counsel performance. The current record is insufficient to determine the merits of Niemann's constitutional and statutory suppression arguments.

The district court denied Niemann's section 2255 motion, holding as a matter of law that the first attorney's performance was not deficient because "a Fourth Amendment challenge to the evidence seized would have failed." The district court reasoned that no basis existed to suppress the evidence seized in the March 31, 1992 search because "[t]he seizure was based on a federal search warrant issued after a neutral and detached determination of probable cause by a" magistrate judge. Therefore, "[c]ounsel could not have performed any additional investigation that would have resulted in suppression of the firearms seized."

The district court treated Niemann's ineffective assistance claim as if it relied solely on counsel's failure to challenge the validity of the warrant. However, Niemann contended not only that his attorney should have challenged the issuance of the warrant, but also that the attorney should have challenged the

---

[1]    In its submissions, the government made reference to a state warrant that described drug-related evidence. However, the record — though it does show that a state warrant describing drug-related evidence issued several days after the March 31, 1992 search — does not show that any such warrant existed at the time of the challenged search and seizure.

9

manner of its execution. Niemann argued that his first attorney erred in advising him that a motion to suppress challenging the manner of execution would fail and in failing to pursue such challenges. The district court's holding, based on the fact that magistrate judge made a neutral and detached determination of probable cause in issuing the warrant, simply does not address Niemann's challenges to the execution of the search warrant. <u>See United States v. Heldt</u>, 668 F. 2d 1238, 1256–1257 (D.C. Cir. 1981).

The district court erred in holding that the magistrate judge's neutral and detached finding of probable cause made any motion to suppress futile. The district court also erred in holding, on that basis, that Niemann's first attorney performed at a level within the "range of competence demanded of attorneys in criminal cases" in deciding not even to attempt a motion to suppress the evidence seized. <u>Strickland</u>, 466 U.S. at 687.

IV.  PREJUDICE

The Supreme Court has described the prejudice inquiry in guilty plea cases, stating that the inquiry often

> will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of the trial.

10

> Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

Hill, 474 U.S. at 59. As with the "reasonableness" prong of the Strickland inquiry, the merits of Niemann's underlying suppression claims are critical to the "prejudice" prong.[2] The connection is particularly close in this case because the evidence seized provided virtually conclusive proof of the two alleged offenses, unlawful possession of a firearm by a convicted felon and possession of methamphetamine with the intent to distribute. Suppression of the evidence would have considerably weakened the case against Niemann.

The record discloses a reasonable probability that Niemann would not have pleaded guilty and would have insisted on going to trial if his first attorney had moved for suppression of the evidence and if that motion had succeeded. Hill, 474 U.S. at 59. Proof of valid grounds for suppression of the evidence seized would likely be sufficient to show prejudice under Strickland.[3]

---

[2] However, the court must apply different legal standards to the two stages of the Strickland analysis. On the "reasonableness" prong, the court must assess the attorney's performance in light of the law existing at the time the attorney made the challenged decisions. See Lockhart v. Fretwell, 506 U.S. 364, 371–372 (1993). On the "prejudice" prong, the court must apply the current law to determine whether "the result of the [initial] proceeding was fundamentally unfair or unreliable." See id. at 368–370.

[3] If the district court were to conclude on remand that law enforcement agents violated Rule 41(c) or 18 U.S.C. § 3109 when

11

The district court did not articulate the reasons for its holding that Niemann could not, as a matter of law, show prejudice from any errors his first attorney made. However, as noted earlier, the district court erred in holding that the magistrate judge's "detached and neutral determination of probable cause" would have made a motion to suppress futile. An examination of the merits of the suppression claims is necessary to determine the prejudice prong of the ineffective assistance claim. The district court erred in holding that Niemann could not show prejudice without first addressing the asserted defects in the execution of the search warrant.

This court remands in order to permit the district court to determine whether Neimann's attorneys rendered ineffective assistance in failing to move to suppress the evidence based on the execution of the search warrant.

## V. CONCLUSION

We reverse the district court's denial of Niemann's section 2255 motion and remand this case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

---

they executed the warrant and that suppression would have been the required remedy, Niemann could show prejudice on both the firearm possession and drug possession counts. If the district court were to conclude that the only ground for suppression was that the agents violated the warrant requirement of the Fourth Amendment by seizing drug evidence not described in the federal warrant, Niemann could show prejudice on the drug possession count only.

12