IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60578
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH LUCIOUS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:96-CV-210-S and
USDC No. 1:92-CR-114-S-D
--------------------
May 3, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Kenneth Lucious ("Lucious") appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his 1993 sentence for drug trafficking and illegal firearm possession. The district court granted Lucious a certificate of appealability on the issue whether Lucious' counsel was ineffective for failing to seek suppression of evidence obtained as a result of an initial police stop and a later police search of the area near a vehicle abandoned by Lucious.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court applies a de novo standard of review to an ineffective assistance of counsel claim raised in a § 2255 appeal. United States v. Faubion, 19 F.3d 226, 228 (5th Cir. 1994). To prevail on an ineffective assistance of counsel claim, a petitioner must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

An officer may conduct a brief investigatory stop of a vehicle and its occupants based solely on the reasonable suspicion that the person is engaged, or is about to be engaged, in criminal activity. United States v. Tellez, 11 F.3d 530, 532 (5th Cir. 1993). Reasonable suspicion need not be based on personal observation, but may be based on information supplied by a confidential informant if the information possesses indicia of reliability. United States v. Roch, 5 F.3d 894, 898 (5th Cir. 1993). In the present case, the detailed information provided by three reliable confidential informants, combined with the police officer's own observations, established reasonable suspicion for the investigatory stop of Lucious.

Further, the police officers' subsequent search of the area near Lucious' abandoned vehicle did not amount to a "search" in the constitutional sense. In searching land on the side of a gravel road, the police officers did not intrude upon an expectation of privacy by Lucious that society is prepared to accept as reasonable. See United States v. Paige, 136 F.3d 1012, 1018 (5th Cir. 1998).

In light of the foregoing, Lucious' counsel was not ineffective for failing to seek suppression of the evidence derived from the initial stop or the later search near Lucious' abandoned vehicle.  The district court's denial of Lucious' § 2255 motion is AFFIRMED.