IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60861
Summary Calendar

_____

UNITED STATES of AMERICA

                Plaintiff - Appellee

    v.

ANTHONY CLARK MARION

                Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC Nos. 3:97-CV-191; 3:94-CR-36-4
--------------------
February 7, 2001

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Pursuant to 28 U.S.C. § 2255, Anthony Clark Marion, former police chief of Holly Springs, Mississippi, moved for relief from his conviction and sentence arising from his acceptance of payoffs from a drug dealer. The district court held an evidentiary hearing on the question of three jurors' truthfulness during voir dire. At the hearing, the district court heard the testimony of Marion's trial attorney and the three jurors. Marion was required to demonstrate that the jurors failed to answer material questions honestly and that correct responses

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would have provided a valid basis for a challenge for cause. McDonough Power Equip., Inc. v. Greenwood, 464 U. S. 548, 556 (1984); Montoya v. Scott, 65 F.3d 405, 418 (5th Cir. 1995).

After the hearing, the court concluded that the "three jurors' failure to disclose the information asserted by the petitioner [did] not raise a material question concerning bias that would demand a removal for cause [and] that the jurors' omissions of immaterial facts" did not furnish grounds for a new trial. Accordingly, the district court denied relief. Marion filed a notice of appeal, and district court certified for appeal the issue of juror bias based on their answers during voir dire.

Because Marion has been convicted and has exhausted his appeal rights, the court on collateral review may presume that he stands fairly and finally convicted. United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). In reviewing the district court's denial of a § 2255 motion, this court examines the factual findings for clear error and issues of law de novo. United States v. Faubion, 19 F.3d 226, 228 (5th Cir. 1994). A factual finding is clearly erroneous only if a review of the evidence leaves the reviewing court with the "definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573, (1985); Bryant v. Scott, 28 F.3d 1411, 1414, n.3 (5th Cir. 1994). When findings rest on the credibility of witnesses, "even greater deference to the trial court's findings" is warranted. Anderson, 470 U.S. at 575; Johnson v. Collins, 964 F.2d 1527, 1532 (5th Cir.1992).

Marion fails to argue or show that the district court committed clear error or legal error. Rather, he repeats the arguments he made in the district court. "Duplication of the trial judge's efforts in the court of appeals" is precisely what the "clear error" standard is intended to avoid. See Anderson, 470 U.S. at 574-75.

Based on the testimony of the jurors and in light of the great deference due the district court's assessment of the credibility of witnesses, it was not clear error to find that no juror was biased. Nor did the district court err in refusing to presume or impute juror bias. Andrews v. Collins, 21 F.3d 612, 620 (5th Cir. 1994) (bias not imputed absent extraordinary circumstances).

The district court's denial of Marion's motion is AFFIRMED.