IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40960
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ORLANDO VIVEROS ANGULO, also known as John Doe,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CV-484
USDC No. C-98-CR-314-1
--------------------
December 5, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Orlando Viveros Angulo, federal inmate #32932-077, appeals
the district court's denial of his 28 U.S.C. § 2255 motion.
Angulo was granted a certificate of appealability ("COA") to
proceed on the issue whether his attorney was ineffective for
failing to appeal his conviction or preserve Angulo's right to
appeal.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A jury convicted Angulo of distribution of 5.55 grams of cocaine base. The district court sentenced him to 78 months' imprisonment and five years' supervised release.

In a 28 U.S.C. § 2255 motion, Angulo alleged that his trial attorney provided ineffective assistance because counsel did not inform him that "he had a right to appeal or could appeal." In a supplement to his motion, Angulo alleged that he wanted to appeal but trial counsel abandoned him without perfecting an appeal. In a motion for leave to file an out-of-time appeal brief, Angulo alleged that he told counsel that he wanted to file an appeal.

The district court appointed counsel to represent Angulo in the 28 U.S.C. § 2255 proceedings and conducted evidentiary hearings. Based on the evidence presented at the hearings, the district court found that Angulo did not ask counsel to file a notice of appeal, did not give counsel instructions about an appeal, and did not request an appeal of the court and denied Angulo's 28 U.S.C. § 2255 motion.

Angulo contends that counsel did not provide advice regarding the right to appeal and did not file a notice of appeal on his behalf. He contends that counsel was per se ineffective.

We review the district court findings of fact for clear error and its conclusions of law de novo. United States v. Faubion, 19 F.3d 226, 228 (5th Cir. 1994). We will not substitute our reading of the evidence for that of the district court when a finding made in a 28 U.S.C. § 2255 proceeding rests

upon a credibility determination after an evidentiary hearing. United States v. Nixon, 881 F.2d 1305, 1310 (5th Cir. 1989).

A claim of constitutionally ineffective counsel based on the failure to file a notice of appeal is analyzed under the two-prong Strickland v. Washington, 466 U.S. 668 (1984), test. Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000). "Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Flores-Ortega, 528 U.S. at 478. Counsel's performance is deficient if counsel disregards his client's wishes concerning filing an appeal or if counsel fails to consult with the client on the matter when counsel has a constitutionally imposed duty to do so. Id. at 477-78.

Angulo has not challenged the district court's findings that he did not ask counsel to file a notice of appeal and did not give counsel instructions about an appeal. Angulo has not met his burden of providing the transcript of the July 31, 2001, hearing. FED. R. APP. P. 10(b)(2); Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992). He has not shown that the district court's findings are clearly erroneous. Faubion, 19 F.3d at 228. He has not shown deficient performance and thus has not established ineffective assistance on his claim that counsel did not preserve his right to appeal. Flores-Ortega, 528 U.S. at 476-78; Strickland, 466 U.S. at 697.

Angulo's other COA issues were carried with the case. To obtain a COA, Angulo must show that jurists of reason would find it debatable whether his 28 U.S.C. § 2255 motion states a valid claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

By failing to assert them in his COA motion to this court, Angulo has abandoned his claims that counsel did not investigate witnesses, investigate Angulo's use of a false name, investigate and challenge the obstruction of justice increase, obtain a favorable plea bargain, inform Angulo of the benefit derived from voluntary deportation, challenge the order that Angulo be deported, and emphasize Angulo's lack of a criminal record. Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

Angulo asserts that counsel was ineffective because he did not advise Angulo of benefits, such as the safety-valve provision, that might be obtained by pleading guilty and by cooperating with the Government. Angulo's general and conclusional allegations do not establish ineffective assistance. Lincecum v. Collins, 958 F.2d 1271, 1279-80 (5th Cir. 1992). Furthermore, Angulo has not shown that counsel was ineffective for failing to advise him of the benefits associated with taking a plea bargain because Angulo's testimony demonstrated that he would not have pleaded guilty. Strickland, 466 U.S. at 687, 697. Angulo would not have qualified for the safety-valve provision of U.S.S.G. § 5C1.2(a)(5); thus, he has not shown that counsel was

ineffective for failing to argue for its application. Strickland, 466 U.S. at 687, 697.  Angulo has not made the showing required to obtain a COA.  Slack, 529 U.S. at 484-85. Accordingly, a COA is DENIED.

AFFIRMED; COA DENIED.