United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**January 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20298
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM DOUGLAS ROBERTS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-2874
USDC No. H-99-CR-471-1
--------------------

Before DUHÉ, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

William Roberts, federal prisoner # 83923-079, appeals from the district court's dismissal with prejudice of his 28 U.S.C. § 2255 motion to vacate his conviction for possession and transportation of child pornography in violation of 18 U.S.C. §§ 2252A(a)(1),(a)(5)(B), 2256(8)(A). The district court granted Roberts a certificate of appealability ("COA") on the issue whether there was sufficient evidence to establish that Roberts possessed and transported pornographic images of actual rather than virtual

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

children in compliance with <u>Ashcroft v. Free Speech Coalition</u>, 535 U.S. 234 (2002). In reviewing the district court's denial of a 28 U.S.C. § 2255 motion, this court examines the district court's factual findings for clear error and conclusions of law <u>de novo</u>. <u>United States v. Faubion</u>, 19 F.3d 226, 228 (5th Cir. 1994).

In <u>Free Speech Coalition</u>, the Supreme Court struck down two definitional terms of child pornography under sections 18 U.S.C. § 2256(8)(B) & (D) as vague and overbroad as applied to virtual pornography. The Supreme Court retained the definition of child pornography under section 18 U.S.C. § 2256(8)(A).

This court need not reach the issue of whether <u>Free Speech Coalition</u> applies retroactively to a case on collateral review, because Roberts has not shown that the evidence introduced at his bench trial was insufficient to sustain his conviction. At Roberts's trial, two witnesses testified regarding their examinations of the images retrieved from Roberts's computer. From the precise detail and explanations of the images given by these witnesses, a reasonable person could infer that the images were of actual children engaging in acts of child pornography as defined in 18 U.S.C. § 2256(8)(A). <u>See</u> <u>Jackson v. Virgina</u>, 443 U.S. 307, 319 (1979). Accordingly, the district court's order dismissing Roberts's 28 U.S.C. § 2255 motion is AFFIRMED.