

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-92,747-02 & WR-92,747-03

### EX PARTE JUAN MARQUEZGONZALEZ, Applicant

### ON APPLICATION FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W-1776747-A & W-1900401-B IN THE 204TH DISTRICT COURT
### DALLAS COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

While I join in the Court's decision to grant Applicant post-conviction habeas relief in the form of an out-of-time appeal, I feel compelled to write separately yet again to emphasize the importance of trial counsel's duty to provide timely and accurate advice to defendants regarding their appellate rights upon the conclusion of the trial proceedings. In this case, trial counsel failed to fulfill his obligations to Applicant by not just failing to advise Applicant that he could receive a free court-appointed attorney on appeal, but by actually actively misleading Applicant into believing he would need to pay for counsel on appeal. Trial counsel also failed to file any notice of appeal in spite of Applicant's clearly

stated desire to pursue an appeal. These and similar issues occur far too frequently and are a troubling sign that many trial attorneys are either unaware of, or are neglecting, their responsibility to assist in protecting their clients' appellate rights.

In October 2019, a jury found Applicant guilty of two counts of aggravated sexual assault of a child, resulting in sentences of 35 and 25 years' imprisonment, respectively. Applicant alleges that, shortly after sentencing, he informed trial counsel of his desire to appeal. Trial counsel offered to represent Applicant on appeal for a $35,000 fee. However, trial counsel did not inform Applicant of his right to appointed appellate counsel if the court found him indigent. Counsel also did not file any notice of appeal on Applicant's behalf. Applicant states that he was unable to afford trial counsel's fee and did not pursue an appeal at the time because he was unaware of his right to an appointed attorney on appeal.

After Applicant filed this application for post-conviction habeas relief seeking an out-of-time appeal, the habeas court ordered trial counsel to file an affidavit in response to Applicant's allegations. Despite the habeas court's multiple attempts to contact trial counsel, counsel never filed an affidavit. Following a magistrate's investigation, the habeas court learned that trial counsel resigned from the State Bar in April 2023 in lieu of disciplinary action for unrelated matters.[1] The habeas court ultimately recommended

---

[1] While trial counsel has already been subjected to disciplinary action and has resigned from the State Bar, I still wish to emphasize that when an attorney is ordered to provide an affidavit in response to an Applicant's habeas allegations, even if that attorney is no longer practicing law, he is still legally and ethically bound to respond to the court's order. *See Ex parte Touchet*, 615 S.W.3d 160, 162 (Tex. Crim. App. 2021) (Slaughter, J., concurring) ("An attorney's complete failure to respond to claims raised against him not only hinders judicial economy, but in some instances may result in the Court's inability to fully and fairly decide a claim.").

granting Applicant an out-of-time appeal based on trial counsel's failure to properly advise Applicant of his appellate rights.

I agree wholeheartedly with the habeas court's recommendation and with this Court's decision to grant Applicant relief. We have repeatedly emphasized that trial counsel bears the responsibility for advising a criminal defendant regarding his right to a direct appeal and the steps that must be taken to perfect such an appeal. More than three decades ago, in *Ex parte Axel*, we explained,

> [T]rial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning [the] meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal.

757 S.W.2d 369, 374 (Tex. Crim. App. 1988). The United States Fifth Circuit Court of Appeals has similarly explained, "The attorney's role in this context is to provide information on how to appeal and the opportunity to do so . . . . The Constitution requires that the client be advised not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal." *United States v. Faubion*, 19 F.3d 226, 231 (5th Cir. 1994) (citation and quotation omitted). We have also specifically held that trial counsel's duties at the post-conviction stage include assisting the defendant with filing a *pro se* notice of appeal if trial counsel will not be representing the defendant on appeal. *See Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) (stating that "[i]f the defendant decides to appeal, the [trial] attorney must ensure that written notice of appeal is filed with the trial court. . . . A contemporaneous presentation of the pro se notice [of

appeal] with a motion to withdraw by trial counsel serves as actual notice to the trial court of the defendant's desire to appeal.").[2]

By comparing trial counsel's conduct in this case to the foregoing standards, it is abundantly clear that counsel's actions here fell far short of what was required of him under the Sixth Amendment. Not only did counsel fail to give basic advice about Applicant's appellate rights and the procedures for perfecting an appeal—counsel also misled Applicant into believing that he would need to pay for appellate counsel, thereby implying that Applicant would not receive court-appointed counsel. While counsel's conduct in this case is perhaps more egregious than that in other recent cases I have addressed, this case nevertheless serves as another reminder of the crucial nature of trial counsel's duties at the conclusion of the trial proceedings—including filing a motion for new trial, if any; assisting the defendant with filing a timely notice of appeal; filing a motion to withdraw if counsel will not be completing the appeal; advising the client of his right to court-appointed counsel if he is indigent; and advising the client on the next steps to pursue an appeal. Such steps

---

[2] These requirements are also embodied in the American Bar Association's Criminal Justice Standards, which state,

> If a client is convicted, defense counsel should explain to the client the meaning and consequences of the court's judgment and the client's rights regarding appeal . . . . Defense counsel should take whatever steps are necessary to protect the client's rights of appeal, including filing a timely notice of appeal in the trial court, even if counsel does not expect to continue as counsel on appeal. Defense counsel should explain to the client that the client has a right to counsel on appeal (appointed, if the client is indigent), and that there are lawyers who specialize in criminal appeals. Defense counsel should candidly explore with the client whether trial counsel is the appropriate lawyer to represent the client on appeal, or whether a lawyer specializing in appellate work should be consulted, added or substituted.

American Bar Association, Criminal Justice Standards, Standard 4-9.1.

are all critical for ensuring that a defendant's right to appeal is properly preserved, and failure to fulfill these obligations is both unprofessional and unfair to clients.

I also note that, in addition to depriving Applicant of his right to pursue a direct appeal, trial counsel's error here has also now caused the habeas court, the State, and this Court to expend additional resources to undo the effects of trial counsel's failures. While I recognize that we are all human beings who make mistakes, this type of error can no longer be considered a simple mistake given the number of times this Court has addressed this very issue—it is borderline willful ignorance of an attorney's obligations to his clients that results in a significant waste of judicial resources. Because of the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to yet again bring attention to this issue so that attorneys may continue to be reminded of the effect of failing to fulfill their responsibilities at the conclusion of their representation and take steps to prevent such problems from arising in the future.[3, 4]

With these comments, I join the Court's opinion granting Applicant relief.

Filed: September 13, 2023

---

[3] *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). My hope is that attorneys will implement practices that prevent these types of issues from recurring.

[4] More generally, I also note here that the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Further, "in representing a client, a lawyer shall not[] neglect a legal matter entrusted to the lawyer." *Id.* R. 1.01(b)(1). Ultimately, trial counsel's failure to adequately communicate with clients about the appeals process is unfair to clients and falls short of the standards for professionalism set forth in the disciplinary rules.

Publish